UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRINA SOLAR US, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JRC-SERVICES LLC and JASMIN SOLAR PTY LTD.,<br><br>Defendants. | Case No. 2:21-cv-00572-JCM-EJY<br><br>**ORDER** |

    Pending before the Court is third party Jolande Carson's Emergency Motion to Quash Subpoena. ECF No. 7. The Court previously relieved Ms. Carson of her requirement to respond to a written examination until further order of the Court based solely on the contents of her Motion. ECF No. 10. The Court is now in receipt of Trina Solar US, Inc.'s Response to Ms. Carson's Motion. ECF No. 12.

    Trina Solar ("Plaintiff") states that counsel for Ms. Carson failed to properly meet and confer before filing the Emergency Motion. Plaintiff further states that had Ms. Carson's counsel met and conferred, and had Ms. Carson provided the evidence she did to the Court regarding her inability to respond to the written examination, Plaintiff would have withdrawn the exam. Plaintiff states that there were many communications before Ms. Carson's Emergency Motion was filed. Plaintiff states these communications were with respect to Ms. Carson's ability to sit for a deposition or respond to a written examination. Plaintiff further states that these communications provided neither confirmation of Ms. Carson's condition (requested) nor addressed Ms. Carson's intent to file an emergency motion if the written examination was not withdrawn. Based on this failure, Plaintiff seeks an award of attorney's fees and costs against Plaintiff's counsel in the amount of $3,000.

    The Court entered its prior Order because of the nature of the emergency presented in Ms. Carson's Motion. The Court is, however, troubled by what appears to be a failure to meet and confer in accordance with Local Rule before the Emergency Motion was filed. Perhaps there was a

misunderstanding or some other basis for failing to meet and confer, but it appears that had the evidence submitted under seal been provided to Plaintiff, the written exam that was the subject of the Emergency Motion would have been vacated. This is why a meet and confer is required before a discovery motions is filed. Nonetheless, the Court finds it unlikely that there was $3,000 in fees and costs incurred as a result of preparing Plaintiff's three page Response and ten pages of exhibits, including exhibit cover pages. An award of sanctions in this case is overkill, while a strong reminder to meet and confer is not.

Accordingly, IT IS HEREBY ORDERED that the subpoena, which was the subject of the Emergency Motion, is quashed (if it has not been formally withdrawn).

IT IS FURTHER ORDERED that Trina Solar's request for an award of attorney's fees and costs is denied.

Dated this 10th day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE